UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Tammy Shepherd,<br><br>    Plaintiff,<br><br> v.<br><br>Key 2 Recovery, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:13-cv-00475<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Tammy Shepherd, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Tammy Shepherd ("Plaintiff"), is an adult individual residing in Indianapolis, Marion County, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant Key 2 Recovery, Inc. ("Key"), is a Ohio business entity with an address of 8206 Eagle Ridge Drive, West Chester, Ohio 45069, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Does 1-10 (the "Collectors") are individual collectors employed by Key and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.     Key at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for a car loan.

8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.     The Debt was purchased, assigned or transferred to Key for collection, or Key was employed by the Creditor to collect the Debt.

10.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Key Engages in Harassment and Abusive Tactics

11.    In or around early March 2013, Key called Plaintiff in an attempt to collect the Debt, which is past the applicable statute of limitations. Plaintiff returned a call to Key and spoke with Ms. Hamilton.

12. During the conversation with Plaintiff, Ms. Hamilton threatened to take legal action against Plaintiff if the Debt was not paid within one week. Key had no legal authority to file a legal action against Plaintiff since the Debt was past the statute of limitations.

13. Ms. Hamilton threatened Plaintiff with an immediate garnishment of her wages if the Debt was not paid. Key had no ability to garnish Plaintiff's wages without first obtaining a judgment against Plaintiff.

14. Key failed to inform Plaintiff of her rights by written correspondence within five days after the initial contact, including Plaintiff's right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

5. Such other and further relief as may be just and proper.

Dated: March 21, 2013

Respectfully submitted,

By */s/ Amy L. Cueller*

Amy L Cueller, Esq., #15052-49
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff